# WEBB v. GOFORTH, No. 7.—183 S. W. (2d) 312.

Eastern Section.   July 15, 1944.

Petition for Certiorari denied by Supreme Court, October 14, 1944.

Joseph A. McAfee, of Knoxville, for plaintiff in error.

Cecil D. Meek, of Knoxville, for defendant in error.

McAMIS, J.   This is an unlawful detainer action defended on the ground that eviction would be contrary to Federal Rent Regulations promulgated by the Office of Price Administration under authority of the Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix sec. 901 et seq., now in force in the Knoxville area.

The learned Circuit Judge has well stated the facts and we copy from his opinion:

"The pertinent facts are that the plaintiff was the owner of a dwelling house located at 737 N. Fourth Avenue in the City of Knoville and had been the owner since 1936.   The defendant, A. H. Goforth, was a tenant in the property at the time it was acquired and continued as a tenant from month to month from that time paying rent to the plaintiff as agreed and in November, 1943 the plaintiff notified the defendant of her intention to lease the premises to the Home Owners Loan Corporation so that it might be remodeled into four apartments and leased to war workers in accordance with the War Housing program in effect in this area.   She definitely notified the defendant to vacate the property on or before February 5, 1944.   Before the institution of the suit by the plaintiff, plaintiff filed with the Rent Control Office a petition for a certificate to evict the defendant for the reason that she wanted to lease the property to the H. O. L. C. to be remodeled in furtherance of the war housing program.   The lease to the H. O. L. C. is filed in the record as Exhibit B to the plaintiff's testimony.   On January 11, 1944 the Rent Control Office issued to the plaintiff the certificate, O. P. A. Form No. D-7, which is

filed as Exhibit C to the plaintiff's testimony. This certificate states in substance that it authorizes the plaintiff to pursue her remedy for the removal of the tenant in accordance with the requirements of local law. It further states in substance that the removal or eviction of the defendant is not inconsistent with the purposes of the Rent Control Act and provides that if the property is vacated for the purposes of the United States Government in furtherance of the war housing program it is not inconsistent with the purposes of the Emergency Price Control Act. It further authorizes an action to be brought under the local law for the eviction.

"The court further finds that it is a policy of the Rent Control Office to issue certificates such as Exhibit C when it is made known to that office that the object is to lease the property to the H. O. L. C. Harry S. Hyman, a witness called in this case by the plaintiff testified in substance that where two government agencies are involved 'we do not want to interfere one with the other.' This witness further testified and the Court finds that no investigation was made by the Rent Control Office 'No investigation was made by O. P. A. We are directed not to make investigation.'

"The Court further finds that the defendant is a man of 61 years of age; that he has occupied the property for 13 years and that he has always paid his rent and the rent at the time the case was heard was tendered into Court. No question was made by either party in regard to the notice to vacate and inasmuch as no question was made concerning the rent or the notice the Court does not consider it necessary to deal with assignments three and five in the motion for a new trial."

Upon this finding of facts the Court determined in effect that the issuance of the removal permit without

investigation was arbitrary; that Section B, Subsection 1 of the Regulations had not been complied with and that to allow eviction would amount to "a circumvention or evasion of the Act." Plaintiff's suit was, accordingly, dismissed and her motion for a new trial overruled.

Section B, Subsection 1, of the Rent Regulations reads:

"Removals not inconsistent with Act or Regulation. No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the Act or this Regulation and would not be likely to result in the circumvention or evasion thereof."

▆ The local Director of O. P. A. seems to have concluded that the eviction of defendant was not inconsistent with the Act or Regulations established thereunder and would not likely result in evasion of the Act when it was made to appear that the petitioning owner desired to lease the property to H. O. L. C., another Federal Agency, for remodeling and sub-leasing to War workers. The purpose of requiring an investigation was doubtless to protect against colorable evictions on one pretext or another when the real purpose was to circumvent the price stabilization purpose of the Act by re-renting to another tenant at a higher rental. There would seem to be some basis for the assumption that another Federal Agency engaged in attempting to alleviate the local housing shortage due to war conditions would not have cooperated with the owner to circumvent the Act and the Administrator doubtless considered this sufficient proof that the owner was not attempting circumvention.

But if the Administrator had pursued the inquiry further he would have been forced to conclude that defendant's eviction was not sought for the purpose of evading the Act but for the purpose of remodeling the house. It is not insisted that this work could have been carried on while the premises were occupied by defendant and Section 6(5) of the Regulations expressly authorizes eviction where it is sought, in good faith, for the purpose of carrying out demolition or remodeling.

We do not think it can be said plaintiff was not acting in good faith because she admitted that her purpose in remodeling was to increase the rental income derived from the property. Her purpose was immaterial so long as it was not to evade the Act by securing an eviction upon the pretense of remodeling the premises. Remodeling is usually done for the purpose of making the property more desirable or profitable. There is nothing in the Act or Regulations which undertakes to forbid remodeling for such purposes and they should not be given such a construction unless it is necessarily implied.

The assignments must be sustained and the judgment in defendant's favor reversed.

Hale and Burnett, JJ., concur.